MURRAY CITY v. UTAH LIGHT & TRACTION CO. et al.

No. 3447.   Decided July 7, 1920.   (191 Pac. 421.)

1.  CONSTITUTIONAL LAW—RESERVED POWER OF STATE TO FIX FARE
    CAN BE EXERCISED DESPITE CITY ORDINANCE.  Power to fix fare to
    be received by a street railway or its proprietary companies
    having been retained by the state by the Public Utilities Act,
    such power can be exercised by it whenever the necessity re-
    quires, despite ordinance of city granting railway right to oper-
    ate over a street; such action not impairing obligation of a con-
    tract.[1]

2.  STREET RAILROADS—LITERAL COMPLIANCE WITH FORFEITURE PRO-
    VISIONS MUST BE SHOWN.  The law does not favor forfeitures,
    and any party to a contract, as a contract between a munici-
    pality and a street railroad, insisting upon a forfeiture of the
    other's right thereunder, must show literal compliance with all
    provisions giving him such right.

Appeal from District Court, Third District, Salt Lake
County; *Wm. H. Bramel*, Judge.

Action by Murray City against the Utah Light & Traction
Company and the Utah Power & Light Company.   From
judgment of dismissal, plaintiff appeals.

AFFIRMED.

*John E. Pixton*, of Salt Lake City, for appellant.

[1] *Salt Lake City* v. *Utah Light & Traction Co.*, 52 Utah, 210, 173
Pac. 556, 3 A. L. R. 715.

*J. F. MacLane* and *C. C. Parsons,* both of Salt Lake City, for respondents.

GIDEON, J.

The defendants separately demurred to the complaint on the ground that the same does not state a cause of action. The demurrers were sustained. Leave was given to amend. Plaintiff elected to stand upon its complaint. Accordingly a judgment of dismissal was entered. From that judgment this appeal is prosecuted.

As indicated by the complaint, the object which plaintiff seeks is the enforcement by the court of an ordinance revoking or forfeiting the right of the defendants to operate a street or interurban railway over the main street of plaintiff city, designated in the complaint as State street. The right to construct and operate the street railway through such city was granted to the predecessor of the defendant the Utah Light & Traction Company by the city council of said city on March 23, 1909. The ordinance (hereinafter referred to as franchise ordinance) is set forth in full in the complaint. The alleged breach of certain provisions of that ordinance by the company now operating the railroad is the basis of the relief sought by the plaintiff in this action. On May 8, 1919, the board of commissioners of plaintiff city passed or adopted an ordinance (hereinafter called revoking ordinance) revoking in unambiguous language the rights and privileges granted to the defendants and their predecessors by the franchise ordinance. That ordinance, among other things, designates the fares to be charged by the grantee for its services in transporting passengers through said city, and to and from Salt Lake City, situated a few miles north. It is stipulated therein that no greater fare, or more than one fare, will be charged for the services therein named. There are other provisions prescribing the grade at which the track shall be constructed; that the grantee shall keep the same in good repair, both between the rails and outside of the track; that crossings shall be constructed, and other provisions look-

ing to the convenience of the city and its inhabitants. It
is stated in the complaint that "the chief and fundamental
consideration" which induced the plaintiff city to pass the
franchise ordinance was the agreement on the part of the
grantee railway company to transport passengers over its
said line at the price and for the fare stipulated in said or-
dinance. It is also alleged in the complaint that—

"Said defendants claim some justification for some of the acts
herein complained of, because of some pretended order or authority
given it or them by virtue of certain laws of the state of Utah, or
proceedings had in pursuance thereof; but any such claim was
and is in violation of the terms and provisions of the Constitution
of the state of Utah and of the United States, and especially of the
part relating to the impairing of the obligation of contracts."

The objection to the constitutionality of the Public Util-
ities Act (Laws 1917, chapter 47) and the orders made by
the commission are sufficiently discussed and determined by
this court in *Salt Lake City* v. *Utah Light & Traction Com-*
*pany*, 52 Utah 210, 173 Pac. 556, 3 A. L. R. 715. In that
case the ordinance in question here was involved. If, as
pointed out in that opinion, the state, by reason of its right
as a sovereign, retained the power to modify or annul a rate
or fixed charge for services rendered by a public utility such
as the Utah Light & Traction Company, and any order reg-
ularly made by such commission is a legal and binding order,
it must follow as a necessary corollary that such act on the
part of the state through a commission authorized by the
Legislature would in no way affect other rights secured to
either party by the terms of a contract such as the franchise
ordinance in question here. It is not questioned that the city
authorities have and had the right to grant to the defend-
ants or their predecessors the privilege to operate a street
railway upon the streets of such city. Neither is it ques-
tioned that the right exists to prescribe conditions or limita-
tions under which such privilege may be exercised.
The power however, to fix the fare to be received by
the utility, or the defendants in this action is retained
by the state and can be exercised by it whenever the neces-

sity requires action upon its part. *Salt Lake City* v. *Utah Light & Traction Company,* supra.

Section 5 of the franchise ordinance relating to the forfeiture of the rights granted thereunder is as follows:

"If the grantee herein, its successors or assigns, shall fail to perform any of the stipulations of this ordinance, the city council upon sixty days' notice, and upon failure on the part of said company, its successors or assigns, to perform, may declare said franchise and right of way forfeited."

There is no contention that any notice of sixty days, or otherwise, as required by the foregoing section was ever given or served. The only intimation that any notice was ever given the defendants, or either of them, requiring a compliance with the terms of the ordinance is found in the preamble of the revoking ordinance, which ordinance is copied in full in the complaint. It is stated therein that on April 17, 1919, a notice was served upon the Utah Light & Traction Company, one of the defendants, to show cause, if any it had, before the board of commissioners of said city on said date why the franchise should not be forfeited and that in pursuance of that notice the defendant the Utah Light & Traction Company appeared before said board on April 21, 1919, and declined to make any showing why said franchise should not be forfeited or to in any way make excuse for its violations of the terms of said franchise, and requested that its objection to or protest against the jurisdiction of said board be entered upon the city records, together with its denial of any alleged cause for forfeiture.

It evidently was the contention of the plaintiff at the time of the institution of this action that the chief and principal grievance was the fact that the defendant traction company had increased the fare for services in transporting passengers to a greater amount than as provided in the franchise ordinance, and that the acts of the Public Utilities Commission in authorizing such increase were violative of the contract existing between the city and defendants, and therefore prohibited by the Constitution. That contention, however, as was determined by this court in the case referred to, is untenable.

Other reasons alleged in the complaint as a basis for a forfeiture of the franchise are that the defendants have failed to lay and maintain tracks on the grades fixed by the plaintiff city, have failed and refused to conform to such grades, and that they have neglected to keep in repair the spaces between the tracks and on the outside of the same, and also have neglected to place poles for carrying wires as directed by the officers of plaintiff city. In the very nature of things these alleged grounds for forfeiture could be easily remedied by the defendant traction company, and doubtless would be, if that company were required so to do by a notice such as is provided for in said section 5. We express no opinion, however, upon the right of the plaintiff city to have a cancellation of the privileges granted by the franchise ordinance for failure on the part of the railway company to comply with such provisions of the ordinance last referred to after the notice given as required by section 5. It will be time enough to pass upon such question at any time the determination of the same is necessary or essential to a decision of the matters presented in such a case. It is sufficient to say that the law does not favor forfeitures, and any party to a contract insisting upon a forfeiture of the other's rights thereunder must show a literal compliance with all provisions of the contract giving him such right; otherwise relief will not be granted. *Camp Mfg. Co.* v. *Parker*, 91 Fed. 705, 34 C. C. A. 55. See, also, 12 R. C. L. page 203; 18 C. J. page 279, section 438.

The judgment of the district court is affirmed, with costs.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.